UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LARRY DONNELL DICKS-LEWIS III,**

    **Plaintiff,**

v.                                                     Case No: 5:19-cv-483-Oc-30PRL

**5TH JUDICIAL CIRCUIT COURT IN
AND FOR MARION COUNTY,
FLORIDA, FLORIDA DEPARTMENT
OF REVENUE, PAMELA A.
SCHNEIDER, DAVID R.
ELLSPERMANN, ANN MELINDA
CRAGGS, SANDRA SUE ROBBINS,
STATE OF FLORIDA, EDWARD L.
SCOTT and ROBERT WILLIAM
HODGES,**

    **Defendants.**

# REPORT AND RECOMMENDATION[1]

This action grew out of child support proceedings in the Florida court system. Plaintiff alleges that various state court judges, as well as the Department of Revenue violated his constitutional rights and federal law, for which he now seeks injunctive relief and monetary damages. In the instant motion (Doc. 2), Plaintiff moves the Court to proceed *in forma pauperis*. For the following reasons, the motion should be denied and the Complaint dismissed.

    **I.**     **Legal Standards**

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under §1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed. 2d 1081 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

## II.     Background

Plaintiff's claims arise from his ongoing Florida child support proceedings currently pending in Marion County, Florida—Case Nos. 2017-DR-1344 and 2019-DR-45.[2] Plaintiff alleges that the Florida courts have improperly entered child support orders without providing him notice and have failed to consider his defense that he was the victim of identity theft and is not responsible for the child support imposed. Plaintiff asks this Court to enjoin defendants from being able to "list or forward records of unverified debts which violate the fair credit reporting act, fair debt collection practices ac, fair credit billing act, and the privacy act 5 U.S.C. 552;" and to stop the state court from issuing a warrant or detaining Plaintiff based on the child support debt. He also demands $200,000 in damages because defendants purportedly conspired to deprive him of his rights under the color of law.

Although not mentioned in his Amended Complaint, Plaintiff recently filed an action against the Circuit Court of the Fifth Judicial Circuit, the Department of Revenue, Pamela A.

---

[2] The docket for these cases can be accessed electronically at: https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=XUIN-gYnA-jMwhmZzAdAvIuEOHtjN4tZQpKDyoGVqV8&from=partyCaseSummary

Schneider, and Judge William Hodges seeking writs of mandamus and writs of prohibition related to the same child support orders at issue here.[3]

### III. Discussion

Plaintiff's claims for injunctive relief should be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, which instruct district courts to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.,* 124 F.3d 1258, 1261 (11th Cir.1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). The *Younger* abstention doctrine asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir.2003) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervention in the ongoing, state-court proceedings.

Here, Plaintiff takes issue with actions taken in state court proceedings, Case Nos. 2017-DR-1344 and 2019-DR-45 (as well as Case No. 2019-CA-1301), all of which were ongoing at the time he filed his Complaint in this Court, and continue to be litigated. *See Ronet v. Clerk of the Thirteenth Judicial Circuit Court in and for Hillsborough County*, No. 6:08-cv-1748-Orl-31KRS, 2008 WL 5110820, at *1 (M.D. Fla. Dec. 2, 2008) (noting court may consider records outside the

---

[3] Plaintiff filed Case No. 2019-CA-1301 on June 14, 2019. The docket for this case can be accessed electronically at:
https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=8sgezT0SKB9fh8bKgQCoxCBWiT-V1CJ5Vtwox7b5-Lw&from=partyCaseSummary

pleadings when determining whether a complaint under §1915 should be dismissed as frivolous). Thus, the Marion County cases are "ongoing judicial proceeding[s]," and entertaining the relief requested by Plaintiff's Complaint would "directly interfere with" the state court proceedings by barring their continuation. *See 31 Foster Children,* 329 F.3d at 1276. As to the second question, it is well-settled that matters involving domestic relations and child support implicate important state interests. *Davis v. Self*, 547 Fed. Appx 927, 930 (11th Cir. 2013). And for the final question, Plaintiff has not met his "burden of establishing that the state proceedings do not provide an adequate remedy for [his] federal claims." *31 Foster Children,* 329 F.3d at 1279. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* And what matters is whether Plaintiff is procedurally prevented from raising his constitutional claims in the state courts—not whether his claim would likely be successful on the merits in the state court. *Davis,* 547 Fed. Appx at 931 (quoting *Pompey v. Broward Cnty.,* 95 F.3d 1543, 1551 (11th Cir.1996)). Here, Plaintiff does not claim that he was (or is) procedurally barred from raising his constitutional claims in state court. In fact, Plaintiff is currently seeking the same injunctive relief in Case No. 2019-CA-1301. Accordingly, abstention is appropriate.

Moreover, to the extent Plaintiff is seeking to void prior state court judgments, the Court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments." *Id.* The doctrine "operates as a bar to federal court jurisdiction where the issue before the court was inextricably intertwined with the state court judgment" such that "the federal claim would succeed only to the extent that the state court wrongly decided the issues." Id. at 1262–63 (quotation marks omitted).

Finally, Plaintiff's claims against Judges Ann Melina Craggs, Sandra Sue Robbins, Edward L. Scott, and Robert W. Hodges for damages under § 1983 are barred by judicial immunity. Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage,* 267 Fed. Appx. 836, 839-40 (11th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). This immunity extends to circumstances where judges are "accused of acting maliciously and corruptly" in the exercise of their judicial decision-making power. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). It protects judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). Here, each action that Plaintiff challenges occurred while the Judges were presiding over his child support proceedings. Those actions were plainly "judicial in nature" and taken within the judges' judicial jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 12 (1991).

Since Plaintiff has failed to allege a cognizable cause of action within the Court's limited jurisdiction, it is **recommended** that the motion (Doc. 2) be **denied** and the Amended Complaint (Doc. 1) be **dismissed.**

Recommended in Ocala, Florida on October 4, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy